**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff,

v.

David Myrie,

Defendant.
_______________________/

Criminal No. 23-cr-20331

Hon. Jonathan J.C. Grey

**ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE (ECF Nos. 46, 49)**

## I. INTRODUCTION

On July 15, 2024, Defendant David Myrie pleaded guilty to a one-count information charging him with unlawful re-entry, in violation of 8 U.S.C. § 1326 ("the underlying offense"). On November 19, 2024, the Court sentenced Myrie to 51 months in prison, which was at the bottom of the advisory sentencing guideline range of 51–63 months imprisonment. (ECF No. 37.) On February 17, 2026, the Sixth Circuit Court of Appeals affirmed the Court's judgment. (ECF No. 44.)

On March 18, 2026, Myrie filed a motion for reduction of sentence based on a purportedly lower sentencing guideline range attributable to

probationary sentences ("probationary sentence motion"). (ECF No. 46.) On June 2, 2026, Myrie filed a motion for reduction of sentence based on Amendment 821, Part A of the U.S. Sentencing Guidelines ("Amendment 821 motion"). (ECF No. 49.) The government has filed a separate response for each motion. (ECF Nos. 52, 53.) Myrie did not file a reply regarding either motion. For the following reasons, the Court **DENIES** both motions.

## II. ANALYSIS

### A. Probationary Sentence Motion

Myrie contends that his sentencing guideline range was miscalculated because two of his six felonies were probation felonies, which should not have counted in computing his criminal history. (ECF No. 46, PageID.560–562.) He specifically challenges a firearms conviction from New Jersey in 1997 and a money laundering conviction from Texas in 2006. (*Id.*, PageID.561.) He asserts that if those two felonies were not counted, he would have a criminal history category IV rather than VI, as determined by the U.S. Probation Department in his presentence investigation report ("PSR") and by the Court at his sentencing.

The Court has reviewed the PSR, which remains under seal. The PSR assigns zero (0) criminal history points for Myrie's 1997 firearm possession felony conviction (ECF No. 32, PageID.392 (under seal)) and zero (0) criminal history points for his 2007 money laundering felony conviction. (ECF No. 32, PageID.396 (under seal).) In other words, neither of the two felony convictions that Myrie relies upon to seek relief was utilized by the U.S. Probation Department or the Court to determine his criminal history points or category. Further, having again reviewed the PSR, the Court concludes Myrie had a criminal history score of 16, which establishes a criminal history category of VI. Therefore, the Court **DENIES** Myrie's probationary sentence motion.

### B. Amendment 821 Motion

Myrie next argues that the Court erred in assessing two points against him for committing the underlying offense while on probation/supervision. (ECF No. 49, PageID.571.) He contends that removing a point, as provided for under Amendment 821, would warrant a reduction in his sentence. (*Id.*) The Court disagrees.

Amendment 821 was in effect, and the Court (and the U.S. Probation Department) applied it, when determining Myrie's sentencing

guideline range. Part A of Amendment 821 changed how criminal history points are scored under the sentencing guidelines. Prior to Amendment 821, a defendant received two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2021). After the amendment, U.S.S.G. § 4A1.1(e) provided: "Add 1 point if the defendant (1) receives 7 or more points under subsection (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." In other words, a defendant being sentenced for a crime is only assessed a point if the defendant already has at least 7 criminal history points.

In this case, Myrie had a total of 15 criminal history points based on his prior convictions. (*See* ECF No. 32, PageID.399 (under seal).) It is undisputed that he committed the underlying offense while under a criminal justice sentence (supervised release) for his 2020 conviction for attempted reentry of removed alien, in violation of 8 U.S.C. §1326(a) and (b). Accordingly, the U.S. Probation Department and the Court properly

assessed Myrie a one-point increase in his criminal history points pursuant to U.S.S.G. § 4A1.1(e). (*See* ECF No. 32, PageID.399–400 (under seal).) Neither the U.S. Probation Department nor the Court assessed two points against Myrie for committing the underlying offense while on probation or supervised release.

For the reasons stated above, the Court finds that Myrie's sentencing guidelines were properly calculated and applied. Accordingly, and based on its consideration of the 18 U.S.C. § 3553(a) factors as announced at Myrie's sentencing, the Court **DENIES** Myrie's Amendment 821 motion.

## III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Myrie's motions for reduction of sentence (ECF Nos. 46, 49) are **DENIED**.

**SO ORDERED.**

Dated: November 25, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 25, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager